UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**PETER ROSKOVENSKY**,

    Plaintiff,

v.     2:22-cv-602-JLB-NPM

**SANIBEL CAPTIVA ISLAND VACATION RENTALS, LLC**,

    Defendant.

## ORDER AWARDING FEES

In this copyright-infringement action, plaintiff Peter Roskovensky served interrogatories, document requests, and requests for admissions on defendant Sanibel Captiva Island Vacation Rentals, LLC, but Sanibel Vacation failed to timely respond. After the responses were a month overdue, Sanibel Vacation requested another thirty days. (Doc. 25). After a hearing, and over Roskovensky's objection, the court granted the extension. (Doc. 28). Two months later, Sanibel Vacation ***still*** had not provided any response to Roskovensky's discovery requests—despite finding time in the interim to move for summary judgment. (Doc. 36). So Roskovensky moved to compel. (Doc. 37).

Sanibel Vacation made no effort to oppose the motion, and the court granted it. Quite naturally, the court also found Roskovensky entitled to an expense-of-motion award. (Doc. 47). Roskovensky subsequently filed a declaration seeking

$4,060 in fees for 10.2 hours devoted to preparing and filing the motion and its supporting declaration. (Doc. 48). Sanibel Vacation never disputed the reasonableness of Roskovensky's fee request.

When awarding fees under Rule 37, "there must be a causal connection between the discovery violation and the reasonable expenses incurred." *Flexsteel Pipeline Techs., Inc. v. Chen*, No. 5:16-cv-239-TKW-GRJ, 2020 WL 13189031, *1 (N.D. Fla. Apr. 27, 2020) (internal citation omitted). And in calculating such an award, federal courts use the lodestar method. *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349–50 (11th Cir. 2009); *see also Flexsteel*, 2020 WL 13189031, at *1 (collecting cases). "Under the lodestar method, courts determine attorney's fees based on the product of the reasonable hours spent on the case and a reasonable hourly rate." *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019).

First, the reasonable hourly rate. A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "relevant legal community" is "'the place where the case is filed.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). "The party seeking attorneys' fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates." *Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015). "Satisfactory

evidence at a minimum is more than the affidavit of the attorney performing the work" and usually includes "direct evidence of charges by lawyers under similar circumstances or . . . opinion evidence." *Norman*, 836 F.2d at 1299. But at the end of the day, the court itself is an expert in determining a reasonable hourly rate. *See Norman*, 836 F.2d at 1303.

Roskovensky seeks a $250 rate for attorney Joshua Vera, a $550 rate for attorney Jonathan Cader (who is not counsel of record), and a $700 rate for Craig Sanders, the partner overseeing the case. But the court is not persuaded that a $550 or $700 rate is justified for a routine motion to compel that could have easily been prepared by a first-year associate. *See, e.g.*, *Tri-City R.R. Co., LLC v. Preferred Freezer Servs. of Richland, LLC*, No. 2:19-cv-00045-SAB, 2020 WL 3620225, *2 (E.D. Wash. Mar. 19, 2020) (finding it clear that defendant's fee was not reasonable given the routine nature of the motion to compel). The motion to compel contained no novel legal theories or difficult factual issues. Instead, it presented a quintessentially straightforward issue: a sustained pattern of refusing to respond in any way to discovery requests even after the response deadlines were extended multiple times. For this, a $250 rate is reasonable.

Next is the reasonableness of the hours expended. Again, the appropriateness of the hours is the applicant's burden to establish. *Norman*, 836 F.2d at 1299. In doing so, the fee applicant "must exclude from their fee applications "excessive,

redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, (1983)). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

The 10.2 hours requested for the motion to compel is not reasonable. This includes 2.5 hours for research, 1 hour to draft the motion, and then the remainder of the time is spent on review of and revisions to the draft. All of this for a run-of-the-mill motion to compel. Also, somewhere in the mix is time spent preparing attorney Vera's declaration in support of the motion to compel (Doc. 38). But this declaration largely rehashes the same points advanced in the motion itself. And it was unnecessary because the attorney's signature on the motion certified that the information contained therein was supported. *See* Fed. R. Civ. P. 11(b).

Based on the foregoing, the court will impose an across-the-board cut and award Roskovensky **$1,000** for his expenses, including fees, related to the motion. This is appropriate given the routine nature of the motion while also accounting for Sanibel Vacation's improper conduct and unresponsiveness. By **February 21, 2024**,

Sanibel Vacation must tender payment to Roskovensky and file a notice of compliance.

                                        **ORDERED** on February 7, 2024

                                        NICHOLAS P. MIZELL
                                        United States Magistrate Judge